UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-720-H

JUSTIN SHEROAN AND JASON TAYLOR                                        PLAINTIFFS

V.

CITY OF LOUISVILLE, *et al.*                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Justin Sheroan and Jason Taylor bring 42 U.S.C. § 1983 and state law claims in connection with an encounter with police on July 22, 2012. Defendants include the Louisville Jefferson County Metro Government ("Metro Government"); Louisville Metro Police Department ("LMPD"); LMPD Police Chief Steve Conrad, individually and in his official capacity; LMPD Officer Joseph Pence, individually and in his official capacity; and unknown LMPD officers, individually and in their official capacities.

Before the Court is Defendants Metro Government, LMPD, and Conrad's motion to dismiss Plaintiffs' Second Amended Complaint. Plaintiffs do not object to the dismissal of its claims against LMPD or Chief Conrad, nor do they object to the dismissal of their state law claims against Metro Government. Therefore, these claims will be dismissed.

The only remaining issue before the Court is Metro Government's motion to dismiss Plaintiffs' 42 U.S.C. § 1983 claims against it. For the reasons that follow, these claims will be dismissed.

I.

The relevant facts alleged in Plaintiffs' Second Amended Complaint are these.

In the early morning hours of July 22, 2012, Officer Joseph Pence was driving his personal vehicle while intoxicated. While stopped at a stoplight on Bardstown Road in Louisville, Pence attempted to pull Justin Sheroan out of the passenger window of a vehicle. Prior to grabbing Sheroan, Pence stated, "You have fucked with the wrong person this time. I am a cop."

Pence then pursued Sheroan to the parking lot of Turtle Creek Apartments. He attempted to hit Sheroan and Justin Taylor with his vehicle for approximately ten minutes in the parking lot. Pence struck Taylor with his vehicle.

Four to six unknown LMPD officers appeared at the scene and placed Sheroan and Taylor on the ground and handcuffed them. One of the officers placed his foot on Sheroan's head. Neither Sheroan nor Taylor were read their Miranda rights. After ten minutes, Sheroan and Taylor were placed in a sitting position on the sidewalk, where they remained handcuffed for approximately five hours, from around 2:30 a.m. to around 7:30 a.m. After the first two to three hours, they were placed individually into a police vehicle, still handcuffed, and questioned by a detective. They were never arrested or cited.

During this time, the unknown LMPD officers investigated Pence's actions. After about four to five hours, Pence was charged with operating a motor vehicle under the influence of drugs or alcohol, assault in the second degree, and wanton endangerment in the first degree in connection with his encounter with Sheroan and Taylor.

II.

Metro Government moves to dismiss Plaintiffs' claims against it for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487

F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)). When considering a 12(b)(6) motion to dismiss, courts must "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477–78 (6th Cir. 2010) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). The Court will draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). But the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (citing *Mixon v. State of Ohio,* 193 F.3d 389, 400 (6th Cir. 1999)).

A plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets*, *Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

III.

Against Metro Government, Plaintiffs bring 42 U.S.C. § 1983 claims for false arrest and unlawful detention in violation of the Fourth Amendment and the Due Process Clause. Plaintiffs advance two different theories of liability. First, they argue that Metro Government is responsible for the actions of its police officers—namely, the unlawful detention and arrest of Plaintiffs, as well as the failure to investigate and determine in a timely manner that Pence was at fault. Second, they argue that Metro Government failed to train its officers.

"[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989) (alteration in original) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). There is no *respondeat superior* liability. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). Instead, to impose § 1983 liability on a municipality, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* Here, there has been no allegation of any such municipal policy or custom.

Even if the Court were to construe Plaintiffs' Second Amended Complaint to allege the existence of a policy of custom of inadequate training, Plaintiffs do not plead sufficient factual allegations to support their claims. To hold a municipality liable for its failure to train, that failure must evidence a "deliberate indifference" to the rights of the city's residents. *Fultz v. Whittaker*, 261 F. Supp. 2d 767, 780 (W.D. Ky. 2003) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

> '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.' Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. The city's 'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.' A less stringent standard of fault for a failure-to-train claim 'would result in *de facto respondeat superior* liability on municipalities . . . .'

*Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (citations omitted). Here, Plaintiffs merely state that the officers "did not have adequate training" by Metro Government "in investigations, detention and arrest." They do not allege how any lack of training led to their injuries. Moreover, Plaintiffs have failed to allege "any prior allegedly unconstitutional conduct which would have placed the city on notice that its training was inadequate." *Weathers v. Anderson*, 3:11CV-683-H, 2012 WL 1593136, at *3 (W.D. Ky. May 4, 2012) (citing *Connick*, 131 S.Ct. at 1360 ("Without notice that a course of training is deficient in a particular respect,

4

decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.")).  Nor do Plaintiffs allege that their injuries were a "'patently obvious' consequence of the deficiency in the training program." *Siler v. Webber*, 443 F. App'x 50, 55 (6th Cir. 2011) (quoting *Connick*, 131 S.Ct. at 1361).

For these reasons, Plaintiffs have not alleged sufficient facts to support the imposition of 42 U.S.C. § 1983 municipality liability on Metro Government.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, and Police Chief Steve Conrad's motion to dismiss Plaintiffs' claims against them is SUSTAINED, and those claims are DISMISSED WITH PREJUDICE.

cc: Counsel of Record